Laurence **WILSON**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. CV–86–2824.

United States District Court,
E.D. New York.

Sept. 16, 1987.

**564** .

John H. Howley, Rockaway Park, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y., for defendant; Charles Knapp, Asst. U.S. Atty., of counsel.

## MEMORANDUM–DECISION and ORDER

BARTELS, District Judge.

Defendant United States of America makes this motion under F.R.Civ.P. 12(h)(3) challenging the subject matter jurisdiction of this Court.

The Court previously decided at the conclusion of a bench trial that plaintiff Laurence Wilson was entitled to recover damages for injuries he suffered while riding his bicycle on the concrete boardwalk at Jacob Riis Park since the Government had been negligent in its maintenance of the boardwalk. The Court also found Laurence Wilson 60% at fault for not avoiding the obvious defect which caused him to fall.

After the trial and decision by the Court, the Government belatedly contends that it has an affirmative defense under New York's Recreational Use Statute, N.Y.Gen. Oblig.Law § 9–103 (McKinney Supp.1987)[1]. This statute was enacted to encourage private landowners to open up their lands to

---

1. The statute reads in pertinent part:

§ 9–103

No duty to keep premises safe for certain uses; responsibility for acts of such users
1. Except as provided in subdivision two,
a. an owner, lessee or occupant of premises, ... owes no duty to keep the premises safe for entry or use by others for hunting, fishing, canoeing, trapping, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreational purposes, snowmobile operation or training of dogs, or to give warning of

any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes;
b. an owner, lessee or occupant of premises who gives permission to another to pursue any such activities upon such premises does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, ...

the public for recreational uses by creating a more lenient duty of care for landowners towards individuals on their lands for activities enumerated in the statute. The United States Government claims that the statute applies to Riis Park, and furthermore, that it bars recovery by the plaintiff because the Court found that the defect in the Riis Park boardwalk was clearly visible to any bicyclist or pedestrian.

■ The Government concedes that its jurisdictional argument is a peculiar one. It argues that the Federal Tort Claims Act provides for a limited waiver of sovereign immunity by exposing the United States to the same liability as any private party would bear under state law. If a private party would not be liable to Wilson under the Court's findings of fact, then the United States also cannot be liable. If that is the case, the argument goes, then the United States has not waived its sovereign immunity, and this Court therefore has no subject matter jurisdiction.

This jurisdictional argument is flawed, because it confuses jurisdictional and substantive claims concerning the application of the New York statute. "While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction." *Lubben v. Selective Service System Local Bd. No. 27,* 453 F.2d 645, 649 (1st Cir.1972); *see also Nemaizer v. Baker,* 793 F.2d 58, 65 (2d Cir.1986). This is particularly true in the case at bar, where the Government's jurisdictional argument is based upon the Court's findings of fact and an applicable statute that was previously ignored.

■ The Government can only attack the Court's prior decision of liability on substantive grounds. The usual means of doing so is a motion to vacate the judgment under F.R.Civ.P. 59(e) or 60(b), if the final judgment has already been entered. However, the Government made its motion *after* the initial findings from the bench and *before* the Court entered its final order on May 1, 1987, pursuant to Rule 58. Rules 59 and 60 are inapplicable before entry of final judgment, and rulings made before entry of final judgment are interlocutory in nature and may be changed within the trial court's discretion. *See Friedman v. Typhoon Air Conditioning Co.,* 31 F.R.D. 287, 289 (E.D.N.Y.1962) (construing Rule 59). This motion, therefore, must be considered as one for a modification of the Court's prior conclusions of law.

N.Y.Gen.Oblig.Law § 9–103 was enacted to encourage landowners to allow their undeveloped and remote property to be used by the public for outdoor recreational activities such as hunting, fishing, canoeing, trapping, and bicycle riding. *See Ferres v. City of New Rochelle,* 68 N.Y.2d 446, 451–53, 510 N.Y.S.2d 57, 60–62, 502 N.E.2d 972, 975–77 (1986). Private landowners who permitted the public onto their lands for these recreational purposes cannot be held liable for mere negligence in the upkeep of their property unless they received payment from people to use it, § 9–103(2)(b), or showed a willful or malicious failure to guard or warn against dangerous conditions not readily discoverable by the public. § 9–103(2)(a).

■ Because the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.,* provides that the United States bears liability coextensive with that of a private litigant under state law, the Government may invoke the recreational use statute to the same extent that any private landowner can. *E.g., Mandel v. United States,* 793 F.2d 964 (8th Cir.1986) (Arkansas recreational use statute involving an accident at a national park). Thus, although the New York Court of Appeals recently held that a municipality that operated a supervised park could not avail itself of the lower standard of care provided by Gen. Oblig.Law § 9–103 because of its status as a municipality, *Ferres v. City of New Rochelle,* 68 N.Y.2d at 453–54, 510 N.Y.S.2d at 62, 502 N.E.2d at 977, the United States, as a private litigant, can obtain the protec-

tion of the statute.[2]   However, this does not end the inquiry.

 Although the Government may invoke the statute as a private owner, it is unclear whether the statute applies to well-developed urban land such as Riis Park, as well as to remote and undeveloped areas. The *Ferres* court found it unnecessary to decide the issue, *id.*, 510 N.Y.S.2d at 62, 502 N.E.2d at 977, and lower state appellate decisions are divided and inconclusive on this issue. The Fourth Department ruled that the statute only applies to "off the road" use of vehicles in undeveloped areas. *See Michalovic v. Genessee-Monroe Racing Assoc., Inc.*, 79 A.D.2d 82, 436 N.Y. S.2d 468 (4th Dept.1981) (statute not applicable to motorbike accident in parking lot of racetrack). The First Department reached the same conclusion and emphasized the presence of public roads and residential homes near the scene of the accident. *See Russo v. City of New York*, 116 A.D.2d 240, 500 N.Y.S.2d 673 (1st Dept. 1986) (statute not applicable to motorbike accident on dirt road). Conversely, the Third Department has not made any distinction between developed and undeveloped land. *See Mattison v. Hudson Falls Central School District*, 91 A.D.2d 1133, 458 N.Y.S.2d 726 (3d Dept.1983) (statute does apply to snowmobiling on a baseball field on school property); *Seminara v. Highland Lake Bible Conference, Inc.*, 112 A.D. 630, 492 N.Y.S.2d 146 (3d Dept.1985) (applicable to an open field near a building where a bicyclist drove into a drainage ditch).

The Court believes that the New York Court of Appeals would hold that the statute does not apply to the scene of the accident here, and accordingly it rules the statute inapplicable to Riis Park. That facility is a thoroughly supervised urban park in close proximity to a residential area, and the concrete boardwalk on which the plaintiff fell cannot be treated as if it were a natural condition on the beach nearby. Accordingly, the Government's affirmative defense must fail.

For the foregoing reasons, the Court's original findings of fact and conclusions of law in favor of the plaintiff will not be disturbed and judgment shall be entered accordingly.

SO ORDERED.

---

2. This section does not limit the liability which would otherwise exist
    a.  for willful or malicious failure to guard, or to warn against, a dangerous condition, use structure or activity....

2.  The State of New York may also invoke the recreational use statute for its own state lands. *See Sega v. State of New York*, 60 N.Y.2d 183, 469 N.Y.S.2d 51, 456 N.E.2d 1174 (1983).