**Thomas A. GUTTRIDGE and Marie Guttridge, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 983, Docket 90–6172.

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1991.

Decided March 12, 1991.

William A. Sekellick, Albany, N.Y. (Sekellick & Lefkowitz, Albany, N.Y., Andrea J. DiDomenico, Carola & DiDomenico, Mechanicville, N.Y., of counsel), for appellants.

Paul D. Silver, Asst. U.S. Atty., N.D. New York, Albany, N.Y. (Frederick J. Scullin, Jr., U.S. Atty. N.D. New York, Albany, N.Y., of counsel), for appellee.

Before TIMBERS, MESKILL and CARDAMONE, Circuit Judges.

MESKILL, Circuit Judge:

Plaintiff-appellant Thomas Guttridge appeals from a judgment of the United States District Court for the Northern District of New York, Munson, *J.*, entered on May 3, 1990, dismissing his complaint against the United States brought pursuant to the Fed-

eral Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.* The district court concluded that New York's recreational use statute, N.Y.Gen.Oblig.Law § 9–103, immunized the United States from suit.

We affirm.

## BACKGROUND

Thomas Guttridge was injured while riding his bicycle on the morning of July 31, 1985 at the Saratoga National Historic Park (Saratoga Park) in Stillwater, New York. Saratoga Park is owned by the United States government and is operated by the Department of the Interior. Guttridge alleged that he was injured when his bicycle collided with a gate that was located at the exit to Saratoga Park. He further asserted that his injuries resulted from the negligent conduct of employees of the United States. Specifically, he alleged that the gate was located in an unreasonably dangerous place, that the government failed to provide adequate warnings, that the gate was not opened in a timely manner and that the gate was not properly opened. Guttridge, as required by the terms of the FTCA, presented his claim to the Department of the Interior for administrative resolution. His claim was denied by the Regional Solicitor of the Department of the Interior by letter dated February 10, 1987. Guttridge then initiated this action in federal district court seeking damages of approximately $200,000. Marie Guttridge joined in that action advancing a separate claim against the United States seeking $50,000 in damages for the loss of her husband's service and companionship.

The government filed a motion to dismiss the Guttridges' complaint in its entirety. The district court dismissed the claims of Marie Guttridge for failure to file a timely administrative claim with the Department of the Interior. 28 U.S.C. § 2675. This dismissal was not contested in the district court and is not before us. With respect to the claims of Thomas Guttridge, the United States argued that New York's recreational use statute and the FTCA precluded a tort action for negligence from being maintained against it. *See* N.Y.Gen.Oblig.Law

§ 9–103 (McKinney Supp.1987). Section 9–103 limits the liability of "owner[s], lessee[s], or occupant[s]" of property who open their property at no cost for the recreational use of the general public. The FTCA, in turn, restricts the liability of the United States to that which a private individual would be subject under the laws of the place where the act or omission occurred. Relying on these two provisions, the United States asserted that it was immune from suit.

Guttridge opposed the government's motion by arguing that the statute does not protect individuals or entities that actively operate and supervise facilities for the public's use. Plaintiff asserted that the purpose behind the New York statute was to encourage landowners to open their property to the public for recreational use. This intention, plaintiff reasoned, is rendered inoperative in the context of park facilities which are owned, managed and supervised by the United States.

The district court rejected Guttridge's arguments and concluded that the New York statute immunized the United States from liability. The district court's decision was rendered orally from the bench on April 30, 1990. Judgment was entered on May 3, 1990, and the Guttridges appealed on May 21, 1990. The sole issue before us is the applicability of section 9–103 to situations in which the United States owns and operates a park to which the public is provided access at no direct cost.

## DISCUSSION

This appeal turns on the interrelationship of two statutes—one state and one federal. The FTCA waives the federal government's sovereign immunity to suit for common law torts committed by employees of the United States. *See* 28 U.S.C. §§ 1346(b), 2671 *et seq.* The waiver, however, only extends to torts committed by government employees "under circumstances where the United States, if *a private person,* would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred." 28 U.S.C. § 1346(b) (emphasis added); *see also* 28 U.S.C.

§ 2674 (United States liable "in the same manner and to the same extent as a private individual under like circumstances"); *Chen v. United States*, 854 F.2d 622, 625–26 (2d Cir.1988).

New York General Obligations Law section 9–103(1) provides in pertinent part:

1. Except as provided in subdivision two,

    a. an owner, lessee or occupant of premises, whether or not posted as provided in section 11–2111 of the environmental conservation law, owes no duty to keep the premises safe for entry or use by others for ... bicycle riding ... or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes;

    b. an owner, lessee or occupant of premises who gives permission to another to pursue any such activities upon such premises does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.

The "sole purpose" of section 9–103 is "to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue" certain recreational activities. *Ferres v. City of New Rochelle*, 68 N.Y.2d 446, 451, 510 N.Y.S.2d 57, 60, 502 N.E.2d 972, 975 (1986). Indeed, it has been held that the statute contemplates a "quid pro quo—permission to [enter and to use the property] in return for the statutory immunity from liability." 68 N.Y.2d at 454, 510 N.Y.S.2d at 62, 502 N.E.2d at 977. The statute provides that landowners who permit the public onto their property for recreation cannot be held liable for mere negligence in the maintenance of their property unless they receive payment for the use, § 9–103(2)(b), or demonstrate a willful or malicious failure to guard or

warn against dangerous conditions not readily discoverable by the public. § 9–103(2)(a); *see also Sega v. State of New York*, 60 N.Y.2d 183, 192, 469 N.Y. S.2d 51, 55, 456 N.E.2d 1174, 1178 (1983) (the statute renders the property owner's negligence, if any, "immaterial"). Moreover, section 9–103 affords immunity to all land owners—public as well as private. *Sega*, 60 N.Y.2d at 190, 469 N.Y.S.2d at 54, 456 N.E.2d at 1177.

Since the FTCA defines the liability of the United States in terms of that of a private individual under the law of the state where the alleged tort occurred, the district court held that section 9–103 precluded plaintiff Guttridge from maintaining his suit against the United States. The court reasoned that if the United States were a private landowner the statute unambiguously would immunize it from a negligence based action. The district court emphasized that in resolving the interrelationship between these two statutes the intent of the United States Congress and not that of the New York State Legislature is controlling.

■ Guttridge argues that the district court misapplied the controlling New York precedent. In particular, Guttridge asserts that the statute's underlying purpose of inducing land owners to open their property to the public for recreational use would not be served by immunizing the federal government. Relying heavily on the New York Court of Appeals' opinion in *Ferres*, Guttridge argues that the statutory inducement is simply inapplicable when the federal government has made a decision to operate and to supervise a public park. In *Ferres*, the New York Court of Appeals held that the municipality of New Rochelle could not avail itself of the immunity afforded by section 9–103. 68 N.Y.2d at 452, 510 N.Y.S.2d at 61, 502 N.E.2d at 976. The court reasoned that where a municipality has already provided for the public's use by operating and maintaining a park the statute's intended purpose of encouraging property owners to open their property to others is inoperative. 68 N.Y.2d at 453–54, 510 N.Y.S.2d at 62, 502 N.E.2d at 977.

Guttridge urges that this same analysis should apply when it is the United States that owns and operates a public park. We disagree. The express terms of the FTCA mandate a different approach when the United States, as opposed to a local municipality, is the property owner involved.

The *Ferres* Court's holding was quite limited. Despite recognizing that the statute applies to lands owned by public entities as well as private parties, the *Ferres* Court, after examining the statute's legislative history, concluded that immunizing a municipality which operates a public park was beyond the statute's intended scope. 68 N.Y.2d at 452, 510 N.Y.S.2d at 61, 502 N.E.2d at 976. Indeed, the New York Court of Appeals framed the issue before it this way: "whether General Obligations Law § 9–103 applies to afford immunity to a municipality in the maintenance of a supervised public park and recreational facility." 68 N.Y.2d at 455, 510 N.Y.S.2d at 62–63, 502 N.E.2d at 977. Thus, the *Ferres* Court effectively carved out an exception from the statute's broad scope for municipalities.

The instant case presents a different issue: whether a *private owner*, assuming identical facts and circumstances, would be entitled to the immunity afforded by section 9–103. Although this may appear to be merely a theoretical exercise, it is the exact analysis that the FTCA directs us to undertake. Thus, only if a private individual would be liable under the facts of this case can the United States be susceptible to a negligence suit. Our review of the applicable case law leads us to conclude that the statute would immunize a similarly situated private owner.

■ Under New York law, the dispositive question is whether "the property is the sort which the Legislature would have envisioned as being opened up to the public for recreational activities as a result of the inducement offered in the statute." *Iannotti v. Consolidated Rail Corp.*, 74 N.Y.2d 39, 45, 544 N.Y.S.2d 308, 311, 542 N.E.2d 621, 624 (1989) (plurality opinion). To aid in answering this question, the plurality in *Iannotti* adopted a two pronged

test to determine when the statute applies: (1) the property must have been physically conducive to or suitable for the particular activity or sport involved, and (2) the property must have been appropriate for public use. *Id.; see also Larini v. Biomass Indus., Inc.*, 918 F.2d 1046, 1050 (2d Cir. 1990).

Applying the *Iannotti* test to the facts at hand, we conclude that if a private individual had owned the property on which Guttridge was injured section 9–103 would have immunized that owner from liability. First, the property in Saratoga Park was physically conducive to bicycle riding. Second, the property was suitable for public use, *i.e.*, it was not a limited area such as the back yard of a private homeowner. *See Iannotti*, 74 N.Y.2d at 45–46, 544 N.Y.S.2d at 311, 542 N.E.2d at 624. The Saratoga Park property encompasses over 2,600 acres. Much of this acreage is preserved forest land. That the property was developed in some respects and that some structural amenities had been added does not in itself remove the property from the purview of section 9–103. The property was plainly suitable for the activity in which Guttridge engaged—bicycle riding. Indeed, Guttridge makes no allegations to the contrary.

■ Additionally, the fact that a property may have been open to the public prior to the enactment of the statute does not in our view render the statute inapplicable. The overarching concern that animated the passage of the statute was the increasing reluctance of property owners to permit access onto their lands for fear of lawsuits being brought against them. *Ferres*, 68 N.Y.2d at 452–53, 510 N.Y.S.2d at 61, 502 N.E.2d at 976. The legislative intent of inducing property owners to open their land for public use is served equally whether such owners are induced to permit such access for the first time or to continue to allow public access.

To the extent that the decision in *Wilson v. United States*, 669 F.Supp. 563 (E.D.N.Y.1987), is inconsistent with our holding here, we overrule it. The plaintiff in *Wilson* had been injured while riding his bicy-

cle on a concrete boardwalk located in a federal park. Because the FTCA defines the liability of the United States to be coextensive with that of a private litigant, the district court concluded that the government ordinarily could avail itself of the immunity conferred by section 9–103. *Id.* at 565–66. However, the court also held that the statutory immunity only extended to owners of undeveloped and remote property. *Id.* at 566. Since the park involved was located in an urban area and was well developed, the district court held that the property fell beyond the purview of the statute and that the United States, therefore, was not entitled to the statute's immunity. *Id.* The court's decision turned merely on the physical nature of the property involved. *Iannotti,* however, makes clear that the extent of a property's development is not the relevant consideration. 74 N.Y.2d at 45, 544 N.Y.S.2d at 311, 542 N.E.2d at 624. Instead, the proper focus, as we have explained, is the suitability of the property for the activities involved. The park, although located in an urban area, was plainly suitable for bicycle riding. The *Wilson* Court, therefore, erred in holding section 9–103 inapplicable.

■ Although it may be true that the New York Legislature neither believed that the United States would need an inducement to open its lands to the public for recreational use nor intended for the United States to be a beneficiary of the statute's protection, these concerns are irrelevant to our analysis. When the United States is sued pursuant to the provisions of the FTCA, it stands in the shoes of a private citizen. Since a private citizen would be immune from suit under the circumstances of this case, the liability of the United States can be no greater. Here, Guttridge alleged his injuries were the result of simple negligence on the part of employees of the United States. This warrants emphasis because section 9–103 only immunizes property owners from simple negligence based causes of action. A property owner who willfully or maliciously fails to guard against dangerous conditions not readily discoverable by the public would not be entitled to the protection af-

forded by the statute. N.Y.Gen.Oblig.Law § 9–103(2)(a). Moreover, our holding is consistent with the decisions rendered by other Circuit Courts that have examined similar state provisions. *See, e.g., Hegg v. United States,* 817 F.2d 1328 (8th Cir.1987) (Iowa recreational use statute precluded individual injured while swinging on swing set in federal park from maintaining an action against the United States); *Cox v. United States,* 881 F.2d 893 (10th Cir.1989) (per curiam) (Oklahoma statute barred suit by individual injured when the mo-ped that he was riding struck unmarked speed bump on property owned and operated by the United States Army Corps of Engineers); *Proud v. United States,* 723 F.2d 705 (9th Cir.) (Hawaii recreational use statute immunizing land owners precluded suit against United States by guardian of minor who was injured in diving accident at national park), *cert. denied,* 467 U.S. 1252, 104 S.Ct. 3536, 82 L.Ed.2d 841 (1984); *Mandel v. United States,* 719 F.2d 963 (8th Cir.1983) (Arkansas recreational use statute precluded simple negligence claim against the United States by individual who was injured in national park while diving into swimming hole). Quite recently, a federal district court in our Circuit followed similar reasoning in concluding that New York's recreational use statute immunized the federal government from suit by an individual who was injured while walking on a navigational structure owned by the United States and maintained by the Army Corps of Engineers. *See Rains v. United States,* 752 F.Supp. 71 (W.D.N.Y.1990). In sum, "the United States's liability under the FTCA is that of a private individual, regardless of what a state intends that liability to be." *Proud,* 723 F.2d at 707. We, therefore, conclude that the district court properly dismissed Guttridge's complaint.

## CONCLUSION

Congress can waive the government's sovereign immunity to the extent it sees fit. Under the FTCA, the United States' liability is co-extensive with that of a private person. Congress expressly made this choice. Since N.Y.Gen.Oblig.Law § 9–103

would immunize a private person from suit in the instant case, the federal government is similarly immunized. Accordingly, the judgment of the district court is affirmed.