**UNITED STATES of America,**
**Appellee,**

v.

**Ihab TARTIR, Defendant–Appellant.**

**No. 09–1092–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 30, 2009.

Joseph Giaramita, Brooklyn, NY, for Defendant–Appellant.

David B. Massey, Assistant United States Attorney (Nicole W. Friedlander, Iris Lan, Assistant United States Attorneys), for Preet Bharara, United States Attorney, Southern District of New York, for Appellee.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, Circuit Judges, JANE A. RESTANI,* Judge.

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

## SUMMARY ORDER

Ihab Tartir appeals from a judgment of conviction in the United States District Court for the Southern District of New York (Lynch, *J.*). Tartir was convicted, after a jury trial, of two counts of conspiracy to commit marriage fraud, 8 U.S.C. § 1325(c), 18 U.S.C. § 371, and one count of aiding and abetting marriage fraud for the purpose of evading immigration laws, 8 U.S.C. § 1325(c), 18 U.S.C. § 2(a). The charges stemmed from Tartir's involvement in organizing two sham marriages in 2006 and 2007 and from his legal representation of the non-citizen marriage participants in the application process for permanent residence cards. Tartir was sentenced principally to 24 months' imprisonment. On appeal, Tartir contends that his conviction should be reversed because the district court improperly admitted under Rule 404(b) testimony from a cooperating witness about Tartir's role with respect to similar sham marriages that took place from 2002 to 2004. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

A district court's decision to admit prior act evidence under Rule 404(b) is reviewed for abuse of discretion. *United States v. Mejia*, 545 F.3d 179, 206 (2d Cir.2008). The admission of such evidence is subject to harmless error analysis. *United States v. Madori*, 419 F.3d 159, 168 (2d Cir.2005).

■ As an initial matter, this issue has been waived due to the fact that trial counsel consented to the admission of the evidence challenged on appeal. During the final pretrial conference, defense counsel indicated that Tartir would not oppose admission of "404(b)-type evidence" during the government's case in chief because Tartir planned to testify at trial and "one way or another, the matters are going to get put before the jury." Counsel explained that his "basic philosophy" at trial is to "be as open as we possibly can" because "jurors do not favor lawyers employing technicalities at any stage." Defense counsel did object at various points to the testimony about Tartir's prior conduct, but the objections related to form and scope, not the admissibility of evidence of prior acts. Tartir has therefore waived his evidentiary claim. *See United States v. Yu–Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995) (noting that if a party "consciously refrains from objecting [to an evidentiary decision] as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review"); *see also United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir.1991) (noting that where a defendant "is attempting to evade the consequences of an unsuccessful tactical decision," appellate review is waived).

■ Putting the question of waiver to the side, the district court did not abuse its discretion in admitting testimony from the cooperating witness, Mohamed Mabrouk, concerning his interactions with Tartir between 2002 and 2004. In conspiracy cases, evidence of prior acts may be admitted as direct evidence of the charges where it supports the prosecution's theory that a conspiracy took place. *Mejia*, 545 F.3d at 206; *United States v. Diaz*, 176 F.3d 52, 79 (2d Cir.1999) (noting that where a conspiracy is charged, "uncharged acts may be admissible as direct evidence of the conspiracy itself" (citation and internal quotation marks omitted)). Mabrouk's testimony about Tartir's prior acts was admissible as direct evidence because it provided background related to his relationship with Tartir and was some evidence that a conspiracy existed.

■ Mabrouk's testimony was also admissible under Rule 404(b). Tartir's principal defense at trial was that he did not

know that the marriages in question were fraudulent. Therefore, Mabrouk's testimony about Tartir's previous participation in similar marriage fraud schemes was relevant because it tended to show that Tartir had the requisite intent to support his conviction. Moreover, the evidence was corroborative of the government's other evidence of knowing involvement in the scheme to evade immigration laws.

We have considered Tartir's remaining contentions on appeal and find them to be without merit.

For the foregoing reasons, the judgment is AFFIRMED.