15-3265
*Vale v. Federal Bureau of Prisons*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand sixteen.

Present:
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

JASON VALE,

> *Plaintiff-Appellant*,

> v.                                                                                   15-3265

UNITED STATES OF AMERICA,

> *Defendant-Appellee*,

FEDERAL BUREAU OF PRISONS, unknown persons in their individual capacity as correctional officers, and other unknown persons in their individual capacity as medical personnel employed by the United States,

> *Defendant.*

_____

1

For Plaintiff-Appellant:          Jason Vale, pro se, Bellerose Manor, New York.

For Defendant-Appellee:           Varuni Nelson & Rachel G. Balaban, Assistant United States Attorneys, Robert L. Capers, United States Attorney, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*), entered September 30, 2015.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jason Vale, *pro se*, appeals from the district court's grant of summary judgment in favor of the Federal Bureau of Prisons ("Bureau") on his complaint alleging medical malpractice under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.  Vale alleged that the Bureau negligently failed to diagnose and treat his Barrett's esophagus and bronchopleural fistula while he was incarcerated.  He filed an expert report by Dr. Peter Lipsius to prove the Bureau's negligence.  The district court concluded that Vale had failed to submit admissible expert testimony that was necessary to establish his claim of medical malpractice because Dr. Lipsius did not qualify as an expert witness and his testimony was not reliable.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted).  We review a district court's

2

ruling on expert testimony for abuse of discretion, and will uphold the ruling unless it was "manifestly erroneous." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004).

In order to prevail in a medical malpractice claim in New York, whose law is made applicable to this FTCA claim by 28 U.S.C. § 2674, *see, e.g.*, *Guttridge v. United States*, 927 F.2d 730, 732 (2d Cir. 1991) ("[T]he FTCA defines the liability of the United States in terms of that of a private individual under the law of the state where the alleged tort occurred . . . ."), a plaintiff must establish "(1) that the defendant breached the standard of care in the community, and (2) that the breach proximately caused the plaintiff's injuries." *Arkin v. Gittleson*, 32 F.3d 658, 664 (2d Cir. 1994). These elements must be established by expert testimony, unless the testimony is within the ordinary knowledge and experience of the jury. *Milano by Milano v. Freed*, 64 F.3d 91, 95 (2d Cir. 1995). Because the standard of care for treating and diagnosing Barrett's esophagus and bronchopleural fistulae is beyond the ordinary ken of the jury, Vale's malpractice claim could not proceed without expert testimony.

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires trial courts to determine whether the proffered testimony is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993); Fed. R. Evid. 702. As a threshold matter, trial courts must consider whether the witness is qualified by knowledge, skill, experience, training, or education to render his or her opinions as an expert, before reaching an analysis of the testimony itself. *Nimely v. City of N.Y.*, 414 F.3d 381, 396 n.11 (2d Cir. 2005).

Upon review, we conclude that the district court did not abuse its discretion in determining that Dr. Lipsius was not qualified to provide expert testimony and that his testimony did not meet the standards of reliability for expert testimony. A witness is qualified where he or she has

3

"superior knowledge, education, experience, or skill with the subject matter of the proffered testimony." *United States v. Tin Yat Chin*, 371 F.3d 31, 40 (2d Cir. 2004). Dr. Lipsius was trained in anesthesiology, was not familiar with the appropriate treatment for Vale's conditions, did not possess a valid license to practice medicine, and had not practiced medicine in 16 years. Accordingly, he was not qualified to provide expert testimony as to the Bureau's alleged negligence.

Even assuming arguendo that Dr. Lipsius was qualified to provide expert testimony, his testimony was inadmissible because it was unreliable as a matter of law. Expert testimony is inadmissible as unreliable where it consists of conclusory and speculative opinions, or where it lacks foundation. *See Major League Baseball Prop. Inc. v. Salvino*, 542 F.3d 290, 311 (2d Cir. 2008); *see SR Inter. Bus. Ins. Co. v. World Trade Ctr. Props. LLC.*, 467 F.3d 107, 132 (2d. Cir 2006). Dr. Lipsius's testimony provided conclusory and speculative statements that the Bureau was negligent in failing to discover Vale's medical conditions and did not explain how the Bureau could have discovered Vale's Barrett's esophagus or bronchopleural fistula when a lab test and CT scan performed after Vale's release from prison did not reveal the conditions. His testimony also lacked reliable foundation because he provided no explanation as to how his opinion was based on his experience or medical education.

We have considered all of Vale's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4