22-1228
*Harbec v. N. Country Hosp. & Health Pracs.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-three.

PRESENT:

> BARRINGTON D. PARKER,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

TAMARA SUE HARBEC,

> *Plaintiff-Appellant,*

v.                                             No. 22-1228

NORTH COUNTRY HOSPITAL & HEALTH PRACTICES, UNITED STATES OF AMERICA,

> *Defendants-Appellees.*\*

———————————————————————

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant Tamara Sue Harbec:**     TAMARA SUE HARBEC, pro se, Newport, VT.

**For Defendant-Appellee North Country Hospital & Health Practices:**     Nicole Andreson, Angela Clark, DINSE P.C., Burlington, VT.

**For Defendant-Appellee United States of America:**     Lauren Almquist Lively, Gregory L. Waples, Assistant United States Attorneys, *for* Nikolas P. Kerest, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Tamara Sue Harbec, proceeding pro se, appeals the district court's grant of summary judgment in favor of the North Country Hospital & Health Practices (the "Hospital") and the United States of America on her claims of medical malpractice and lack of informed consent under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671 *et seq.*, and Vermont law.   We assume the

2

parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's grant of summary judgment de novo, *Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021), and will affirm when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). When considering claims involving medical malpractice and lack of informed consent under the FTCA, we apply the substantive "law of the place" where the "alleged tort occurred" – here, Vermont. *Guttridge v. United States*, 927 F.2d 730, 731–32 (2d Cir. 1991) (citing 28 U.S.C. § 1346(b)). Under Vermont law, claims of medical malpractice and lack of informed consent must be supported by expert opinions and testimony, unless the medical issues are within the common knowledge of the jury. *See White v. Harris*, 190 Vt. 647, 652 (2011) (finding that, in a medical-malpractice suit, plaintiffs must introduce expert testimony to prove (1) "the proper standard of medical skill and care," (2) that the defendant-physician "departed from that standard," and (3) that the physician's conduct was "the proximate cause of the harm" (internal quotation marks omitted)); *Mello v. Cohen*, 168 Vt. 639, 640 (1998) (finding that, in an informed-consent suit, plaintiff must introduce expert testimony to prove that the

3

physician provided "insufficient information" regarding "alternatives" to treatment and the "reasonably foreseeable risks and benefits involved" (quoting Vt. Stat. Ann. tit. 12, § 1909(a)(1))). The district court concluded – and Harbec does not contest – that the expert-testimony requirement amounts to a substantive rule and therefore applies in this case. Harbec argues only that she satisfied this requirement. We disagree.

Most of the medical evidence relied on by Harbec merely summarizes her symptoms and recommends a course of treatment. None of the records discuss the standard of care, whether there was a departure from that standard, or whether the departure was the proximate cause of her injuries. *See White*, 190 Vt. at 652 (discussing the elements of a medical-malpractice claim). Nor do they discuss whether Harbec received the information necessary to provide informed consent. *See Mello*, 168 Vt. at 640 (discussing the elements of a lack-of-informed-consent claim). Indeed, the documents submitted by Harbec do not discuss the facts underlying Harbec's claims at all. Because the records relied on by Harbec do not include the requisite expert testimony, the district court did not err in granting summary judgment on her FTCA claim. *See Vale v. United States*, 673 F. App'x 114, 115–16 (2d Cir. 2016) (affirming grant of summary

4

judgment on FTCA claim where the plaintiff failed to produce the admissible expert testimony necessary to establish medical-malpractice claim).

Harbec contends that she could have survived Defendants' summary-judgment motion had the district court not excluded her proffered expert's testimony. But the district court did not abuse its discretion in concluding that Harbec failed to comply with the disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure, which provides that parties must disclose their intended expert witnesses to the other side. Fed. R. Civ. P. 26(a)(2)(A); *see also Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 264–65 (2d Cir. 2002) (explaining that we review a district court's decision to exclude expert testimony for abuse of discretion). According to the rule, these disclosures must be accompanied by a written report that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," a list of other cases in which the expert has been retained, and a statement of the compensation to be paid to the expert. Fed. R. Civ. P. 26(a)(2)(B). Where, as here, a party fails to comply with these requirements, the expert testimony may not be used at trial, unless the failure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). Considering that Harbec failed

to provide any reason for not complying with this rule and that the district court repeatedly warned Harbec about the need for an expert, the district court's decision to exclude Harbec's expert evidence was not "manifestly erroneous." *Amorgianos*, 303 F.3d at 265.

We also affirm the district court's exercise of supplemental jurisdiction over, and dismissal of, Harbec's state-law medical-malpractice claim against the Hospital. We review the district court's decision to exercise such jurisdiction for abuse of discretion. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Considering that the district court judge had been presiding over the case for approximately two years, that the state-law claims presented no "novel or unsettled issues of state law," *Mauro v. S. New Eng. Telecomms., Inc.*, 208 F.3d 384, 388 (2d Cir. 2000), and that the lack of expert testimony was fatal to both the federal and state claims, *see Guttridge*, 927 F.2d at 731–32, we conclude that the district court's decision to adjudicate, and ultimately dismiss, the state-law claims on the merits was entirely appropriate. And since Harbec's failure to produce expert testimony is fatal to her state-law medical-malpractice claim, *see White*, 190 Vt. at 652, we affirm the district court's dismissal of that claim as well.

Lastly, Harbec argues that the district court erred by issuing a stay of discovery pending the outcome of the motions for summary judgment. While we generally review a district court's rulings concerning the scope of discovery for abuse of discretion, *see Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994), Harbec has waived her right to challenge the stay given that she expressly consented to it in the district court. *See* App'x at 155 ("Stay of discovery is not opposed by the plaintiffs."); *see also United States v. Olano*, 507 U.S. 725, 733 (1993); *United States v. Tartir,* 347 F. App'x 655, 657 (2d Cir. 2009) (finding waiver where appellant "consented to the admission of evidence challenged on appeal").

We have considered Harbec's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7