No. 24802.

Board of County Commissioners of the County of
Teller, State of Colorado *v.* The District Court in
and for the County of Teller and State of Colorado,
The Honorable Patrick M. Hinton, Judge Presiding;
Stafford N. Ordahl, Carol M. Kenney and
John Wondergem.
(472 P.2d 128)

Decided July 20, 1970.

312

GEDDES, WEIR, SPARKS & O'BRIEN, for petitioner.

EVANS, PETERSON & TORBET, for respondents.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS is an original proceeding for a writ of prohibition brought by the Board of County Commissioners, hereinafter referred to as the board. Ordahl, Kenney and Wondergem filed a complaint in the district court of Teller County naming the board as defendant and seeking an order compelling the board to redistrict the commissioner districts. The board appeared specially and filed a motion under C.R.C.P. 12(b) to dismiss the action for

lack of jurisdiction over the subject matter. This motion was denied. An amended complaint was served on the board, and they filed another motion to dismiss based partly on the ground that the court lacked jurisdiction over the person of the defendant because of insufficiency of service of process. This motion was also denied, and the board brings this original proceeding to stop any further action on the complaint.

The defenses of insufficiency of process and lack of jurisdiction over the person are defenses which may be made by motion under C.R.C.P. 12(b). Our rule 12(b) is patterned after rule 12(b) of the Federal Rules of Civil Procedure and like its federal counterpart is based on the theory that the quick presentation of defenses and objections should be encouraged and that successive motions which prolong such presentation should be carefully limited. 2A *Moore's Federal Practice* ¶12.12. C.R.C.P. 12(g) and 12(h)(1) make it expressly clear that if a party makes a motion under rule 12(b) and in doing so omits the defense of lack of jurisdiction over the person or insufficiency of process, and such defenses were available to him at the time the motion was made, then the omitted defenses are waived, and the defendant may not raise them by subsequent motion or in his answer.

In this case, the board's claim of insufficient process is based on the failure of the plaintiffs to serve the complaint on the clerk of the board of county commissioners as required by C.R.S. 1963, 36-1-6. This defense was available to the board at the time their motion to dismiss for lack of jurisdiction over the subject matter was filed. Therefore, the board has waived those defenses by thus omitting them. This court will not subvert the theory underlying rule 12(b) and the clear language of rules 12(g) and 12(h)(1) by considering the questions of jurisdiction over the person of the defendant or the sufficiency of process in this original proceeding when those defenses were clearly waived by the board.

We cannot agree with the board that the trial

judge, in denying the first motion under rule 12(b), granted them relief from the waiver imposed by rule 12(h)(1). While the judge did grant the board twenty days *"to answer or otherwise plea* [sic]" (emphasis added), this language cannot be stretched into permission to file another motion under rule 12(b) since such a motion is not a pleading.

The rule is discharged.