**CONSOLIDATED HARDWOODS, INC.,**
a Colorado corporation,
**Plaintiff–Appellee,**

v.

**ALEXANDER CONCRETE CONSTRUCTION INC., a Colorado corporation,**
**Defendant–Appellant.**

**No. 89CA2094.**

Colorado Court of Appeals,
Div. I.

April 11, 1991.

Fred W. Clifford, Boulder, for plaintiff-appellee.

Carpenter & Johnson, P.C., Craig D. Johnson, Broomfield, for defendant-appellant.

Opinion by Judge DUBOFSKY.

In this action for breach of contract and negligence, defendant, Alexander Concrete Construction, Inc. (Alexander), appeals the judgment entered on a jury verdict in favor of plaintiff, Consolidated Hardwoods, Inc.

(Consolidated). We remand for consideration of a statute of limitations defense.

In January 1983, Alexander contracted with Consolidated for Alexander to pour a concrete floor for Consolidated's new warehouse. After the floor was poured, Consolidated noted the initial cracking and notified Alexander over the ensuing years as the cracking problems worsened.

Consolidated filed a complaint on January 4, 1988, alleging that Alexander was negligent and had breached the contract in failing properly to install the floor. Alexander denied it had breached the contract or had been negligent and asserted several affirmative defenses.

The jury determined that Alexander was 62 percent negligent and that Consolidated was 38 percent negligent and awarded total damages of $28,073.83. The jury also determined that Alexander had breached the contract and awarded Consolidated $1.00 in nominal damages.

## I.

Alexander argues that the trial abused its discretion in denying its motion to supplement or amend its disclosure certificate to reinstate the affirmative defense of statute of limitations. Consolidated argues that Alexander waived this affirmative defense when it filed its disclosure statement with the trial court. We agree with Alexander.

When Alexander answered Consolidated's complaint in February 1988, it pleaded the affirmative defense of statute of limitations. However, in its September 1, 1988, disclosure certificate Alexander stated:

"Pursuant to Colorado Rules of Civil Procedure 16(a) and 11, Defendant believes the following claims or defenses should be dropped: Statute of Limitations and failure to comply with 109.1."

On November 28, 1988, Alexander filed a motion requesting that it be permitted to supplement its disclosure statement and pleadings by adding the statute of limitations defense. Since the trial was scheduled to commence on February 28, 1989, defendant's request to supplement the disclosure statement was made more than 80 days prior to trial. See C.R.C.P. 16(c).

Alexander's primary basis for reasserting the statute of limitations defense was that further legal research indicated that its claim was meritorious. Consolidated opposed Alexander's motion to supplement the disclosure statement on the basis that defendant had knowingly waived this defense. On December 22, 1988, the trial court denied Alexander's motion to supplement its disclosure certificate.

Consolidated argues that it would be manifestly "unfair" to overturn the trial court's ruling because it had placed justifiable good faith reliance on the waiver. Consolidated does not, however, detail and explain how it would be prejudiced if the amendment were granted. We note that approximately three months passed between defendant's withdrawal of the statute of limitations defense and its request to supplement the disclosure statement.

■ C.R.C.P. 16(a) requires that a disclosure certificate be filed with the court by each party within 180 days of the time the case is at issue. The disclosure certificate must state the legal issues and identify the witnesses and exhibits. This early identification of legal issues, witnesses, and exhibits reduces the last minute processing of cases by attorneys and, thus, results in the speedy resolution of civil disputes with a minimum of inconvenience and expense. See C.R.C.P. 16(a).

As relevant here, C.R.C.P. 16(b)(1) allows for supplementation of a disclosure certificate "no later than eighty days prior to trial ... [as to matters] not known at the time of the filing of the Disclosure Certificate...." Thus, this language clearly permits supplementation of matters unknown at the time of the filing of the disclosure statement as a matter of right up to eighty days prior to trial. The question here, however, is whether absent a showing of prejudice, a trial court abuses its discretion in not permitting amendment of a disclosure statement where the request is made more than 80 days prior to trial and relates to a matter that was previously known but

was erroneously not included in the disclosure certificate.

Under the circumstances here, we conclude that the trial court abused its discretion in denying Alexander's motion to supplement its disclosure certificate. In reaching this conclusion, we are persuaded by those cases interpreting the rules of civil procedure relating to amendment of pleadings. Just as C.R.C.P. 15 has been held to reflect the policy of liberally allowing amendments to pleadings so that cases will be decided on their merits, *see Eagle River Mobile Home Park v. District Court*, 647 P.2d 660 (Colo.1982), so too should a similar policy be followed with respect to supplementing disclosure certificates. *See Varner v. District Court*, 618 P.2d 1388 (Colo. 1980); *Swan v. Zwahlen*, 131 Colo. 184, 280 P.2d 439 (1955); *K–R Funds, Inc. v. Fox*, 640 P.2d 257 (Colo.App.1981).

Here, Alexander was aware of the potential applicability of the statute of limitations defense and determined, prior to filing its certificate of disclosure, that the defense was insufficient. It then moved to amend its disclosure statement to include the statute of limitations defense. Under such circumstances, it is within the trial court's discretion, under C.R.C.P. 16, to permit the supplementation of the disclosure certificate.

Since 1875 this state has followed a policy of liberally allowing amendments to claims and defenses so that lawsuits will be decided on their legal and factual merits. *See Sellar v. Clelland*, 2 Colo. 532 (1875). Because lawsuits are to be determined on their legal and factual merits, the trial court here should have permitted this amendment to the disclosure certificate. *See Eagle River Mobile Home Park v. District Court, supra.* We, therefore, hold that, with respect to a claim known to a party, which was erroneously not included in the disclosure certificate, the court should, unless an opposing party demonstrates prejudice, liberally permit supplementation of the disclosure statement if a request is made more than 80 days prior to trial.

Here, Consolidated did not demonstrate actual prejudice, and therefore, we conclude that the trial court abused its discretion in denying Alexander's motion to supplement the disclosure statement. *See Eagle River Mobile Home Park v. District Court, supra; K–R Funds, Inc. v. Fox, supra.*

Contrary to the contention of Consolidated, *Board of County Commissioners v. District Court*, 172 Colo. 311, 472 P.2d 128 (1970) is not dispositive. That case concerned a motion under C.R.C.P. 12(b) to dismiss and is, thus, not applicable to the issues here that arise under C.R.C.P. 15 and C.R.C.P. 16.

## II.

■ Because the statute of limitations defense does not bear on the merits of Consolidated's claim against Alexander, we also address Alexander's argument that the jury rendered inconsistent verdicts and that the trial court erred in refusing to grant its motion to amend judgment or, alternatively, to grant a new trial on this basis. Specifically, it argues that the award of nominal damages under the contract is inconsistent with a finding of negligence and an award of damages resulting from negligence. We disagree.

Consolidated argues that the verdicts are consistent in that two theories were submitted to the jury claiming compensation for the same damages and that, based on the evidence presented, the jury concluded that only the negligence claim resulted in actual damages. Thus, it argues, the trial court did not err in denying the motion.

■ When there is a charge of inconsistent verdicts, an appellate court must review the jury instructions, the record, and the jury verdict forms. If there is any evidence to support the verdicts, they will not be reversed for inconsistency. *Alzado v. Blinder, Robinson & Co.*, 752 P.2d 544 (Colo.1988); *see also City of Aurora v. Loveless*, 639 P.2d 1061 (Colo.1981).

Here, the jury instructions required the jury to award actual or nominal damages if it found in favor of Consolidated on the

breach of contract claim. The negligence instructions required the jury to find negligence if either party failed to act as a reasonably careful person. The instructions also provided for an award of damages if the parties' negligence was a cause of the injury and damages were in fact incurred.

At trial, Consolidated claimed, under the contract, that Alexander was required to compact the soil properly. Consolidated also claimed that Alexander negligently compacted the soil and that the compacting efforts of Alexander caused the floor to fail.

We conclude the jury's finding of negligence is not inconsistent with the finding that the contract was breached. We also conclude that the award of actual damages for negligence is not inconsistent with the nominal award of damages for breach of contract.

The contract was on a printed form which stated:

"All material is guaranteed to be as specified, and the above work to be performed in accordance with the drawings and specifications submitted for above work and completed in a substantial workmanlike manner.... "

The typewritten portion of the contract listed the materials to be used, including three-inch deep pit run rock, five-inches concrete, and wire mesh. There was evidence, albeit contested, that Alexander did not provide the requisite deep pit run rock, concrete, and wire mesh.

On its face, the contract did not specify that the compaction of the soil was required. There was conflicting testimony as to whether, under the contract, Alexander was required to prepare the subgrade. Once, however, Alexander undertook the steps to compact the soil, it had a duty to perform the work in a reasonable manner.

Thus, the jury could have found that, although Alexander was not obligated under the contract to compact the soil, it was negligent when it did so. Furthermore, the jury may well have determined that actual damages resulted from the negligent compaction by Alexander. Also, the record supports a jury determination that Alexander did not substantially comply with other aspects of the contract calling for specific pit size, wire placement, and poundage standards, but that these contractual breaches resulted in only nominal damages.

Since the faulty soil compaction work of defendant arguably was not required under the contract, and because there was property damage, plaintiff is not limited to contract damages. *See Metropolitan Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313 (Colo.1980); *Jardel Enterprises, Inc. v. Tri–Consultants, Inc.,* 770 P.2d 1301 (Colo. App.1988).

The cause is remanded for a partial new trial to determine what part, if any, of plaintiff's claim is barred by the pertinent statute of limitations. If it is not so barred, then the judgment stands affirmed.

STERNBERG, C.J., and PIERCE, J., concur.