Daniel G. PAYMAR, Plaintiff–Appellee,

v.

Gregory J. CANN, Defendant–Appellant.

No. 90CA994.

Colorado Court of Appeals,
Div. IV.

May 9, 1991.

As Modified on Denial of Rehearing
July 5, 1991.

McDaniel McDaniel Baty & Nicholson, Charles A. Nicholson, Durango, for plaintiff-appellee.

Gregory J. Cann, pro se.

Opinion by Judge HUME.

Defendant, Gregory G. Cann, appeals from an order denying his C.R.C.P. 60(b) motion seeking relief from a district court judgment entered January 11, 1990, on an arbitration award in favor of plaintiff, Daniel G. Paymar. We reverse and remand with directions.

The underlying transaction from which the lawsuit emanated was plaintiff's sale of Colorado real property to defendant in 1988. In exchange for plaintiff's deed to the property, defendant assumed an existing obligation secured by a first deed of trust in favor of a Colorado commercial lender. Defendant also executed a promissory note payable to plaintiff which was secured by a second deed of trust further encumbering the subject property.

Defendant defaulted on his assumed obligation, and the holder of the assumed note foreclosed on the first deed of trust. Nei-ther of the parties redeemed after the foreclosure sale, and the holder of the assumed note took title to the property free of any lien created by the second deed of trust. Defendant also failed to make any payments on his own note in favor of plaintiff.

In April 1989, plaintiff sued defendant in the La Plata County District Court, seeking a personal judgment on the promissory note. His complaint alleged, among other things, that plaintiff had been a Colorado resident when the real estate transaction was consummated and that defendant, a California resident, had assumed rights of possession in, and exercised dominion over, the real property conveyed.

The promissory note, a copy of which was attached to plaintiff's complaint, requires that installment payments thereon be made to plaintiff at "La Habra, CA ... or at such other place as [its] Holder may ... direct...." A copy of the deed of trust which was also attached to the complaint, lists plaintiff's address at "P.O. Box 2759, La Habra, CA 90632-2759"; the same as that used by plaintiff on his complaint.

The complaint also contains a certification that the relief sought "is subject to Mandatory Arbitration" since it would not exceed $50,000. No express reference, however, was made to C.R.C.P. 109.1 or to § 13-22-401, et seq., C.R.S. (1987 Repl.Vol. 6A).

After being personally served in California with a summons and copy of the complaint, defendant filed a *pro se* answer in which he generally denied plaintiff's claims, asserted various affirmative defenses, and specifically challenged the court's authority to exercise personal jurisdiction over him. However, he did not move to quash the service of process or to dismiss the action pursuant to C.R.C.P. 12(b)(2). Had he done so, the jurisdictional issue properly would have been determinable by the court before arbitration pursuant to C.R.C.P. 109.1(j).

Upon the filing of defendant's answer, the court set the matter for trial to the court to be held January 2, 1990, and it deferred determination of the jurisdictional

issues until trial. Two days later, when plaintiff's counsel filed a designation of arbitrator, that arbitrator's oath, and a disclosure statement as required by C.R.C.P. 109.1(h)(1), the court entered an order on the register of actions stating:

"Because the parties are subject to mandatory arbitration, the court refers them to that process pending a possible trial on January 2, 1990. (xc: Charles Nicholson [plaintiff's counsel]; Gregory Cann)"

Copies of the designation, oath, disclosure statement, and the ensuing order were apparently mailed to defendant.

The record also reflects that defendant did not comply with the arbitration process required by statute and C.R.C.P. 109.1. Defendant did not designate an arbitrator, nor did he submit a disclosure statement. The register of actions contains entries indicating that defendant moved for a continuance of the January trial date and that the trial was thereafter rescheduled by the court for May 29, 1990, but neither the motion nor the order granting it is otherwise included in the record on appeal.

The record does not reflect that plaintiff took any proper steps to compel defendant's participation in the mandatory arbitration process or to bring his non-compliance to the attention of the court. Consequently, no arbitrator was designated by defendant nor was a third arbitrator ever selected or designated pursuant to § 13–22–403, C.R.S. (1987 Cum.Supp.), and C.R.C.P. 109.1(d). In addition, the record does not indicate that the parties agreed to arbitration by the single arbitrator selected by plaintiff.

Plaintiff's counsel moved the lone arbitrator he had selected to enter an arbitration award in plaintiff's favor. The resulting arbitration award, dated January 4, 1990, contains the following: a recitation that the "arbitrator" had reviewed the pleading and documents on file and the plaintiff's motion and supporting affidavit; a finding that defendant had failed to participate in the arbitration proceeding; a general finding in favor of plaintiff against defendant; and an award for the face amount of the note plus interest, attorney fees, costs, and arbitration fees.

There is nothing in the record to indicate that an "arbitration hearing" was scheduled or held or that notice of any such hearing was ever given to defendant. There is also nothing in the record to indicate that the "arbitrator" considered the jurisdictional issue. The record does reflect that the arbitration award was filed with the court and that a copy was mailed to defendant in California on the date of its issuance.

On January 5, 1990, plaintiff filed a motion with the court for entry of judgment on the arbitration award, accompanied by a certificate of mailing of that motion to defendant in California. On January 11, 1990, the court entered judgment incorporating the arbitration award, after finding that "defendant has failed and refused *after proper notice* to participate in the mandatory arbitration proceedings required by C.R.S. § 15–22–401 et seq. [sic] and C.R.C.P. 109.1." (emphasis supplied) In so doing, the court deemed defendant's objection to the court's jurisdiction to have been abandoned and his right to a *de novo* hearing to have been waived by defendant's failure to appear and participate in the arbitration hearing.

On January 12, 1990, defendant's objection to plaintiff's motion for entry of judgment and motion to set aside the arbitration was filed with the court. That motion, apparently prepared prior to defendant's receipt of the January 11 judgment, asserted, among other things, that defendant had not been notified of any arbitration proceedings and reasserted his challenge to the court's exercise of personal jurisdiction over him. When defendant later became aware of the entry of judgment, both he and plaintiff's counsel characterized and treated his objection and motion as a motion to set aside the court's judgment pursuant to C.R.C.P. 60(b).

The court denied post-judgment motions of defendant on March 6, 1990, and thereafter, on May 9, 1990, and it also denied defendant's motion for a new trial on the C.R.C.P. 60(b) issues. Defendant's notice

of appeal, filed with this court on June 22, 1990, is thus timely as to the due process and jurisdictional issues asserted and denied by the trial court's rulings of March 6 and May 9. *See Rowe v. Watered Down Farms,* 195 Colo. 152, 576 P.2d 172 (1978).

### I.

Defendant contends that the trial court erred in exercising personal jurisdiction over him, pursuant to § 13–1–124(1), without conducting any hearing on the factual issues raised by the parties' pleadings regarding that issue. We agree.

■ Defenses and denials of material averments set out in a complaint are generally required to be asserted in a defendant's answer. *See* C.R.C.P. 7 and C.R.C.P. 8. Issues framed by such pleadings are customarily determined at trial. However, certain defenses and objections may be asserted by appropriate motion under C.R.C.P. 12 and C.R.C.P. 56.

The defenses of insufficiency of process and lack of jurisdiction are defenses which may be raised by motion to dismiss under C.R.C.P. 12(b), *see Board of County Commissioners v. District Court,* 172 Colo. 311, 472 P.2d 128 (1970), or by a motion to quash service. *See Carlson v. District Court,* 116 Colo. 330, 180 P.2d 525 (1947).

■ Here, defendant's jurisdictional challenge, initially asserted simultaneously with his answer to the merits of plaintiff's claims, was timely and properly preserved, thus requiring its ultimate resolution by the appropriate tribunal. *Treadwell v. District Court,* 133 Colo. 520, 297 P.2d 891 (1956). And, since neither party sought speedy resolution of the jurisdictional issue, we perceive no error in the court's initial order reserving that issue for resolution at trial.

■ We also conclude that the court did not err in its subsequent referral of the jurisdictional question with other issues framed by the pleadings for determination in the mandatory arbitration proceeding. Both § 13–22–404(2), C.R.S. (1987 Repl.Vol. 6A) and C.R.C.P. 109.1(*l*)(1) provide that the arbitrators have the power to deter-

mine all questions of law and fact, subject to a subsequent right of trial *de novo* as provided by C.R.C.P. 109.1(r)(1) and § 13–22–405, C.R.S. (1987 Repl.Vol. 6A). Since resolution of jurisdictional issues involves an *ad hoc* analysis of jurisdictional facts and their application under the framework established by the Due Process Clause of the Fourteenth Amendment and § 13–1–124, C.R.S. (1987 Repl.Vol. 6A), those mixed questions of fact and law properly may be determined by a duly constituted arbitration panel.

■ Here, however, as we will discuss in Part II, *infra,* the arbitration panel was not duly constituted pursuant to § 13–22–402 and C.R.C.P. 109.1. Moreover, the jurisdictional issue was not addressed or determined in connection with the arbitration award.

The trial court, in entering judgment on the arbitration award, did not make any inquiry into the pertinent facts or the applicable legal framework so as to determine its jurisdiction. The court simply concluded, erroneously, that defendant's failure to participate in the arbitration hearing constituted an abandonment of his jurisdictional defense.

Thus, because no hearing or appropriate consideration of the jurisdictional issue was afforded to defendant prior to entry of judgment on the arbitration award, that judgment cannot stand.

### II.

■ Defendant also contends that he was deprived of procedural due process by the manner in which the proceedings were conducted. We agree.

Even if we assume that defendant either had or should have had notice of the general applicability of C.R.C.P. 109.1 and the statute mandating arbitration, the record demonstrates that a proper arbitration panel was never designated pursuant to the requirements of § 13–22–403, C.R.S. (1987 Repl.Vol. 6A) and C.R.C.P. 109.1(d). Plaintiff could have moved the court for a show cause order or for the imposition of appropriate sanctions for defendant's failure to participate in the selection of a proper panel pursuant to C.R.C.P. 109.1(j). He did not

do so. By plaintiff's seeking and obtaining an arbitration award, without any setting or notice of hearing and before an improperly perfected arbitration tribunal, the defendant was denied three essential ingredients of due process of law: notice, reasonable opportunity for hearing, and a proper decision-making tribunal.

 Insofar as the arbitrator and the court elected to treat defendant's failure to designate an arbitrator or to file a disclosure statement as a default, defendant was nevertheless entitled to, but did not receive, any notice of that treatment prior to entry of the award. *See* C.R.C.P. 55(b).

Moreover, although he properly placed in issue the matter of the court's jurisdiction over his person, defendant never was accorded a proper forum or hearing for the determination of that question. For all of the foregoing reasons, we conclude that defendant was not afforded procedural due process in the conduct of these proceedings and that, therefore, the judgment cannot stand.

The judgment is reversed, and the cause is remanded to the trial court with directions that the court either re-commence arbitration proceedings or conduct a trial of all issues framed by the pleadings at a bench trial.

REED and ROTHENBERG, JJ., concur.