953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 DODD INSURANCE SERVICES, INC., a Colorado corporation, Plaintiff,
Bradley P. Pollock, Appellant,
v.
U.S. FIDELITY AND GUARANTY COMPANY; Fidelity and Guaranty
Insurance Underwriters, Inc.; Fidelity & Guaranty
Insurance Company; Fidelity and
Guaranty Life Insurance
Company, Defendants-Appellees.
 Nos. 91-1109, 91-1140.
 United States Court of Appeals, Tenth Circuit.
 Jan. 27, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Bradley P. Pollock, counsel for Plaintiff Dodd Insurance Services, Inc. (Dodd), appeals from an Order (No. 91-1109) and a Judgment (No. 91-1140) in favor of Defendants United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Underwriters, Inc., Fidelity and Guaranty Insurance Company, and Fidelity and Guaranty Life Insurance Company, which imposed sanctions in the amount of $46,986.54 against Mr. Pollock personally pursuant to Fed.R.Civ.P. 11. Mr. Pollock had earlier represented Dodd in an action against Defendants. The district court imposed Rule 11 sanctions against Mr. Pollock after concluding that two of the seven claims raised had "no basis in fact or law or in a good faith argument for extending, modifying or reversing existing law." Appellant's App., Vol. I at 223.
 
 
 3
 On appeal Mr. Pollock argues: 1) the district court lacked jurisdiction to sanction him; 2) the claims had a legal and factual basis; 3) the district court erred in sanctioning him when he did not sign the complaint or amended complaint; 4) the district court violated his due process rights by sanctioning him without notice, a hearing, or briefing; 5) the district court improperly applied a mathematical formula to determine the amount of sanctions; and 6) the district court erred in accepting Defendants' request for fees when the portion of the fees attributable to the frivolous claims was not specified.[1] We reverse and remand because the district court failed to provide Mr. Pollock fair notice and an opportunity to respond to the request for sanctions.
 
 
 4
 Dodd, an independent insurance agency, had an agency agreement with Defendant Fidelity and Guaranty Life Insurance Company to sell insurance policies. The agreement provided for termination by either party at any time upon written notice to the other. Dodd had another agency agreement with the other Defendants which also provided for termination by either party upon written notice and further required the Defendants and Dodd to make a good faith effort to provide for rehabilitation. Defendants terminated the agreements. Dodd sued, alleging seven claims including breach of fiduciary duty and negligence. A. Gary Bell, Jr., an attorney with the same law firm as Mr. Pollock, signed the original and amended complaints. Mr. Pollock signed documents filed later in the case.
 
 
 5
 A magistrate judge recommended that Defendants' motion for summary judgment be granted on all of the claims and that Rule 11 sanctions be imposed for bringing the breach of fiduciary duty and negligence claims. The district court adopted the magistrate judge's recommendation. Judgment was entered on November 30, 1989, dismissing the complaint and imposing Rule 11 sanctions "against the plaintiff on plaintiff's claim [sic] for breach of fiduciary duty and negligence." Appellant's App., Vol. I at 269.
 
 
 6
 Defense counsel submitted an affidavit which included copies of billing records reflecting the time spent on the case. The affidavit declared that attorney's fees totaled $128,504.25, and costs and disbursements totaled $35,948.65. Appellant's App., Vol. II at 271. Defense counsel stated that the negligence and breach of fiduciary duty claims were based on a "common core of facts" with the other claims and that it was therefore impossible to segregate individual items of work set forth in the bills as solely related to any particular claim. Id. Counsel further stated he believed it was fair to say that two-sevenths of the total time and effort expended was devoted to the breach of fiduciary duty and negligence claims. Id. at 272.
 
 
 7
 No further action was taken on the Rule 11 issue pending an appeal from the November 30, 1989, Judgment dismissing the seven claims. After this court issued its decision affirming dismissal of the claims,[2] Defendants requested a status conference on "the only issue left for resolution ... the amount of sanctions to be imposed against Plaintiff under Rule 11." Id. at 551. Mr. Pollock submitted a Status Report stating that "[t]he sole remaining issue is a question as to the amount of attorney's fees to be awarded in favor of the Defendant and against the Plaintiff." Id. at 563. The court scheduled a status conference, then granted a continuance for the benefit of defense counsel. It refused to grant a second continuance, which was requested by Mr. Pollock. Mr. Pollock appeared as counsel for Dodd at the status conference. Mr. Bell, the attorney from Mr. Pollock's firm who also represented Dodd, did not appear.
 
 
 8
 The following colloquy occurred at the March 8, 1991, status conference:
 
 
 9
 THE COURT: Mr. Pollock has filed a status report which indicates that the only issue before the Court at this time is a question of attorney fees; is that correct?
 
 
 10
 MR. MENK [defense counsel]: Yes, sir. That is why we requested a conference, is simply to set a procedure to determine the amount of the attorney's fees as Rule 11 sanctions. That's the only issue that remains. It's been fully briefed, but not resolved.
 
 
 11
 THE COURT: Do you want to submit it on the briefs or are you going to want oral argument?
 
 
 12
 MR. MENK: I am pleased to submit it on the briefs, your Honor.
 
 
 13
 ....
 
 
 14
 THE COURT: What I am going to do is set the matter for hearing on the motion for sanctions under Rule 11, in any case, because sanctions could be awarded not only against the plaintiff, but could be awarded separately or jointly and severally against the attorney.
 
 
 15
 I think Mr. Pollock obviously has an interest in continuing to resolve the matter of sanctions.
 
 
 16
 Okay. Let's set--how much time do you think we'll need?
 
 
 17
 ....
 
 
 18
 THE COURT: I am wondering, do you want to submit it on your pleadings or do you want to have a hearing?
 
 
 19
 MR. POLLOCK: Your Honor, I think it has been fully briefed. I am not sure if the Court is aware or not, but if my understanding is right, Rule 11, the original order entered against the plaintiff and just left a question of the amount.
 
 
 20
 We've briefed the question of the amount, and I think it's based on a salient point, which I think was signed by Mr. Bell. And I am not sure if Mr.--the Court would want Mr. Bell present at any oral arguments. We are willing to let it stand on the briefs.
 
 
 21
 THE COURT: Why don't we do that. Why don't we consider it submitted. We'll go forward with the file in the record as now before me. And if it appears that we need--I need a hearing, oral argument or otherwise, I will let you know.
 
 
 22
 MR. POLLOCK: Is it possible to have possibly five days to submit any supplements, because the case is so old, for any new law or any new considerations? The matter has been pending for about six months--
 
 
 23
 THE COURT: I don't know that there's anything new.
 
 
 24
 ....
 
 
 25
 THE COURT: Let's consider it submitted. I want to--because when somebody files something, you get a request to file something in response, and I want to draw a line in the desert sand. All right. We'll consider the case submitted and we'll issue a ruling on that motion in due course.
 
 
 26
 Id. at 591-94.
 
 
 27
 The court issued an order on March 11, 1991. It found that Defendants had adequately documented the hours reasonably expended in the dispute and that Defendants' total costs and fees were $35,948.65 (which was actually the amount of Defendants' costs). It concluded that two-sevenths was an appropriate ratio for assessing the amount of sanctions. It imposed sanctions of $10,271.04 against Mr. Pollock personally.
 
 
 28
 On March 19, 1991, Defendants moved to alter or amend the March 11 order on the ground that the district court erred in finding Defendants' total costs and fees were $35,948.65 rather than $164,452.90, which represents $128,504.25 in attorney's fees and $35,948.65 in costs. The district court granted the motion to alter or amend the same day. The court acknowledged that it had miscalculated the amount of costs and fees expended by Defendants, and adopted the figures set forth in Defendants' motion to alter or amend as the accurate measure of costs and fees. The court further recognized that it could not apply a strictly mathematical approach to determine the dollar amount of sanctions, but rather was to consider the factors set forth in White v. General Motors Corp., 908 F.2d 675, 684-85 (10th Cir.1990): reasonableness of requested fees; minimum amount to adequately deter the undesirable behavior; offender's ability to pay; and any other appropriate factors.
 
 
 29
 Applying those factors, the court determined that the amount requested by Defendants was reasonable and necessary to adequately deter Mr. Pollock from engaging in frivolous behavior in the future and that Mr. Pollock made no claim that he lacked the ability to pay. It again applied a two-sevenths ratio to the total costs and fees to arrive at $46,986.54. It entered judgment against Mr. Pollock in this amount.
 
 
 30
 Federal R.Civ.P. 11 provides in part,
 
 
 31
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 32
 "[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990).
 
 
 33
 As a preliminary matter we address Mr. Pollock's arguments that the district court in essence altered or amended the November 30, 1989, Judgment by sanctioning Mr. Pollock rather than Dodd in its March 11 and 19, 1991, orders, and that such an action is untimely under the (1) ten-day time limit for ordering a new trial, Fed.R.Civ.P. 59(d), or amending judgments, Fed.R.Civ.P. 59(e), or (2) the one-year time limit for granting relief from judgments, Fed.R.Civ.P. 60(b). We disagree.
 
 
 34
 "Rules 59 and 60 are inapplicable before entry of final judgment, and rulings made before entry of final judgment are interlocutory in nature and may be changed within the trial court's discretion." Wilson v. United States, 669 F.Supp. 563, 565 (E.D.N.Y.1987), overruled on other grounds, Guttridge v. United States, 927 F.2d 730, 733-34 (2d Cir.1991); see also Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir.1988) (Rule 59(e) applies only to final judgments). The November 30, 1989, Judgment was not final with respect to Rule 11 sanctions because it did not determine the specific dollar amount of monetary sanctions. Phelps v. Washburn Univ. of Topeka, 807 F.2d 153, 154 (10th Cir.1986) (per curiam). The district court had jurisdiction to alter or amend the November 30, 1989, Judgment in its March 11 and 19, 1991, orders.
 
 
 35
 Mr. Pollock next argues that the breach of fiduciary duty claim had a basis in law and fact. We held in Dodd v. USF & G, No. 89-1390, order and judgment at 4, that Dodd made no showing of the existence of a fiduciary duty between itself and Defendants. This ruling is the law of the case as to this issue.
 
 
 36
 Mr. Pollock also asserts that the district court abused its discretion in finding no legal basis for the negligence claim. This claim alleged that Defendants failed to attempt to rehabilitate Dodd in good faith and a reasonable manner before terminating the agency agreements. We found no basis for the negligence claim in Dodd v. USF & G, id. at 5, because the claim was in essence a restatement of the breach of contract claim, and we determined that there had been no breach of contract. Mr. Pollock relies on Consolidated Hardwoods, Inc. v. Alexander Concrete Construction Inc., 811 P.2d 440 (Colo.Ct.App.1991), to support his contention that the negligence claim had a legal basis.
 
 
 37
 There, Consolidated sued Alexander, alleging negligence and breach of contract claims arising out of Alexander's installation of a concrete floor. The jury found in Consolidated's favor on both claims. Alexander argued that the verdicts were inconsistent. The court disagreed. It noted that the negligence claim was based on Alexander having negligently compacted soil, which caused the floor to fail. The court concluded that although the contract did not specify that compaction of soil was required, once Alexander undertook steps to compact the soil, it had a duty to perform the work in a reasonable manner. Id. at 443. "Since the faulty soil compaction work of defendant arguably was not required under the contract, and because there was property damage, plaintiff is not limited to contract damages." Id.
 
 
 38
 Mr. Pollock argues that because rehabilitation, like the compacting of soil, was not required by one of the parties' agreements, "[o]nce ... the Defendant undertook the steps of rehabilitation and imposed them upon the Plaintiff, the Defendant was then charged with the duty to perform the rehabilitation in good faith and in a reasonable manner." Appellant's Brief at 44.
 
 
 39
 The problem with Mr. Pollock's argument is that Consolidated Hardwoods relied on a duty imposed on contractors to perform work in a reasonable manner. See Metropolitan Gas Repair Serv., Inc. v. Kulik, 621 P.2d 313, 318 (Colo.1980) (contractual relationship gives rise to common law duty to perform work with reasonable care and skill). In Dodd Insurance Services, Inc. v. Royal Insurance Co. of America, 935 F.2d 1152, 1157 (10th Cir.1991) (Dodd v. Royal ), we rejected a negligence claim brought by Dodd against another insurance company alleging that the insurance company drafted a rehabilitation agreement that did not comport with the company's own standards. We noted that Colorado law defines tort as the breach of a legal duty arising by law, independent of contract. Id. We concluded that Dodd's claims of
 
 
 40
 duty to treat the insurance agent fairly, duty to treat the agent not arbitrarily or capriciously, duty not to discriminate against the agents, duties with regard to the policies, underwriting and that sort of thing, duty to live up to the terms of the contract and duty not to lie or deceive the agents
 
 
 41
 id. at 1157 n. 4, were generalized standards of conduct labeled as duties that were not, in fact, legal duties. Id.
 
 
 42
 Mr. Pollock claims existence of a "duty to perform the rehabilitation in good faith and in a reasonable manner," but provides no legal authority for the existence of such a duty. We conclude that this so-called duty is no more than a generalized standard of conduct labeled as a duty but is not, in fact, a legal duty. The district court did not abuse its discretion in determining that the breach of fiduciary duty and negligence claims had no legal or factual basis.
 
 
 43
 Mr. Pollock next contends that the district court abused its discretion in sanctioning him because the magistrate judge recommended imposition of sanctions for the "bringing" of the two frivolous claims, and Mr. Pollock did not "bring" the claims because Mr. Bell signed the complaint and amended complaint.
 
 
 44
 We believe that Mr. Pollock reads the magistrate judge's recommendation too narrowly. "[R]ule 11 applies to every paper signed during the course of the proceedings and not only to the pleadings." Oliveri v. Thompson, 803 F.2d 1265, 1274 (2d Cir.1986), cert. denied, 480 U.S. 918 (1987). While Mr. Pollock did not sign the initial pleadings, he signed several documents filed later in the litigation, specifically, the Motion for Relief from Confidentiality Order, the Response in Opposition to Memorandum Brief in Support of Defendants' Motion for Summary Judgment and Response in Opposition to Motion for Summary Judgment, and Plaintiff's Memorandum Brief in Support of Motion for Partial Summary Judgment. The magistrate judge's recommendation that sanctions be imposed for the "bringing" of the frivolous claims can be read to encompass the filing of subsequent papers that perpetuated the claims raised in the initial pleadings.
 
 
 45
 Even if the district court's November 30, 1989, Judgment sanctioned only the filing of the complaint and amended complaint, the court had discretion to revise this interlocutory determination to sanction the filing of papers other than the initial pleadings.
 
 
 46
 Mr. Pollock next argues that the district court violated his due process rights by sanctioning him without notice, a hearing, or briefing. "The basic requirements of due process with respect to the assessment of costs, expenses, or attorney's fees are notice that such sanctions are being considered by the court and a subsequent opportunity to respond." Braley v. Campbell, 832 F.2d 1504, 1514 (10th Cir.1987) (rehearing en banc).
 
 
 47
 The November 30, 1989, Judgment specifically provided that "sanctions shall be imposed against the plaintiff." Appellant's App., Vol. I at 269 (emphasis added). The court first indicated at the March 8, 1991, status conference that it was considering sanctioning counsel for Dodd. However, we do not consider the court's remark that sanctions could be imposed separately or jointly and severally against Dodd's attorney, in the context of the entire discussion, to constitute "fair notice." Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980). Both Mr. Pollock and defense counsel stated it was their understanding that the only issue left for resolution was the amount of the sanctions. The court did not attempt to correct this understanding. If the court intended to impose sanctions against Mr. Pollock, the court should not have considered the matter submitted on briefs that addressed only the amount of sanctions, or precluded further briefing because there was not "anything new."
 
 
 48
 Defendants argue that Mr. Pollock was aware the court had discretion to impose sanctions against Dodd, Mr. Pollock, or both. See Chevron, U.S.A., Inc. v. Hand, 763 F.2d 1184, 1187 (10th Cir.1985) (Rule 11 sanctions can be imposed against the attorney, the client, or both). While it was theoretically possible that sanctions could have been imposed against Mr. Pollock, Dodd, or both, the November 30, 1989, Judgment specifically sanctioned Dodd, not Mr. Pollock. Between November 30, 1989, and the status conference on March 8, 1991, Mr. Pollock had no reason to believe that he might be sanctioned in addition to or in lieu of Dodd. We hold that Mr. Pollock was not provided with notice and an opportunity to respond.
 
 
 49
 Finally, Mr. Pollock raises various arguments concerning the amount of the sanctions. We conclude the district court abused its discretion by setting the amount of sanctions after noting that Mr. Pollock made no claim of inability to pay. See White, 908 F.2d at 685. Inability to pay is to be treated as "reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status." Id. Mr. Pollock had no opportunity to meet this burden, however, as he had no fair notice that he was the person to be sanctioned. Thus, on remand the district court must reconsider the amount of sanctions after providing Mr. Pollock an opportunity to present evidence of his ability to pay or lack thereof.
 
 
 50
 However, we see no other problems with the district court's approach in determining the amount of the sanctions award. Mr. Pollock challenges the use of a mathematical formula to arrive at the award. We held in Dodd v. Royal, 935 F.2d at 1159, that it is inappropriate to use a mathematical formula comparing the total number of issues with those actually prevailed upon to calculate Rule 11 sanctions and we vacated the sanctions award and remanded with directions to consider the award in light of the factors delineated in White, 908 F.2d at 684-85.
 
 
 51
 While the district court awarded Defendants two-sevenths of their total costs and fees, it first applied the factors set forth in White. We see no abuse of discretion in this approach.
 
 
 52
 Mr. Pollock also challenges the district court's determination that the sanctions award is the minimum that will serve to adequately deter the undesirable behavior. He notes that the court found in its March 11 order that $10,271.04 was an appropriate award but then found in its March 19 order that $46,986.54 was an appropriate award without anything further occurring between the two orders.
 
 
 53
 Defendants moved to alter or amend the March 11 order on the ground that the court had erroneously assumed that the total costs and fees were $35,948.65 when in fact the total costs and fees were $164,452.90. The March 19 order merely corrected this error. One of the White factors is reasonableness of the fee. The court's error in determining the amount of the total fee requested affected its decision as to the reasonableness of the fee. This error could be corrected without undermining the court's ultimate conclusion as to the appropriate amount of the sanction.
 
 
 54
 Finally, Mr. Pollock contends that the district court should not have granted Defendants' fee request when Defendants could not specify which portion of their total fees was attributable to defense of the frivolous claims. The district court could apply the White factors to determine what fraction of the total costs and fees should be awarded as a sanction despite Defendants' inability to segregate the costs and fees attributable to the frivolous claims.
 
 
 55
 "Sanctions must be appropriate in amount and levied upon the person responsible for the violation." White, 908 F.2d at 685. The court made no determination of relative fault among Mr. Pollock, Mr. Bell, and Dodd. On remand the court should further make specific findings regarding who bears the fault for the actions warranting sanctions. Id. at 686.
 
 
 56
 The judgment of the United States District Court for the District of Colorado is REVERSED, and the matter is REMANDED for further proceedings.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Pollock also moves to strike Defendants' Supplemental Appendix on the grounds that it contains documents that were not filed in the district court in this case, it does not contain an index, and it contains a document that was included in Appellant's Appendix. The failure to include an index is a de minimis violation of 10th Cir.R. 10.1.5 that does not warrant sanctions. We will disregard the documents commencing at pages 70 and 72 of the Supplemental Appendix because no showing was made that these documents were submitted to the district court in this case. We will likewise disregard the document commencing at page 17 because it is included in Appellant's Appendix at pages 176-210. Mr. Pollock's request for costs is denied
 
 
 [2]
 Dodd Ins. Servs., Inc. v. United States Fidelity & Guar. Co., No. 89-1390 (10th Cir. Feb. 5, 1991) (unpublished order and judgment) (Dodd v. USF & G )