807 F.2d 153
 36 Ed. Law Rep. 566
 Katherine PHELPS; Rebekah Phelps; Timothy Phelps,
Plaintiffs-Appellants,
v.
WASHBURN UNIVERSITY OF TOPEKA; John Green; Carl Monk;
Bill Rich; Carol Vogel, Defendants-Appellees.
Timothy PHELPS, Plaintiff-Appellant,
v.
WASHBURN UNIVERSITY OF TOPEKA; John Green; Carl Monk;
Bill Rich; Carol Vogel, Defendants-Appellees.
 Nos. 86-2289, 86-2290.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 12, 1986.
 
 Fred W. Phelps, Jr. of Pelps-Chartered, Topeka, Kan., for plaintiffs-appellants.
 Before McKAY, LOGAN, and SEYMOUR, Circuit Judges.
 PER CURIAM.
 
 
 1
 In accordance with 10th Cir. R. 9(e) and Fed.R.App.P. 34(a), these appeals came on for consideration of this court's order to show cause, the response thereto, and the records on appeal.
 
 
 2
 These consolidated appeals are from an order of the district court awarding attorney's fees and costs to defendants. In the main actions, plaintiffs alleged that they were denied admission to Washburn University of Topeka School of Law in violation of 42 U.S.C. Secs. 1981, 1983, 1985, and 2000d and the First and Fourteenth Amendments. The record reflects that in February, 1983, plaintiffs applied for admission to the fall 1983 class. Their applications, along with those of the other applicants, were reviewed by the law school admissions committee. Plaintiffs subsequently received notice that they were not accepted. After pursuing their administrative remedies, plaintiffs filed these actions alleging that they were denied admission because of their association with their father, Fred W. Phelps, Sr., the family law firm of PHELPS--CHARTERED, and the civil rights cases handled by their father and family members.
 
 
 3
 Following discovery, defendants moved for summary judgment in both cases. In an order entered on February 10, 1986, the district court granted summary judgment for defendants holding, in essence, that plaintiffs were not admitted to law school because they were not qualified applicants. 634 F.Supp. 556. Plaintiffs filed timely appeals from the district court's order on March 11, 1986.
 
 
 4
 Subsequently, on July 25, 1986, the district court held that defendants were entitled to attorney's fees under 42 U.S.C. Sec. 1988, but did not set the amount of fees. Plaintiffs then brought these appeals from the July order. Plaintiffs were advised in a show cause order that the court was considering summary dismissal for lack of appellate jurisdiction.
 
 
 5
 It is well settled that a final order is one which ends the litigation and "leaves nothing for the court to do but execute on the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). In Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), the Supreme Court held that an order which determines the issue of liability but leaves unresolved the assessment of damages is not final. See also McKinney v. Gannett Co., 694 F.2d 1240 (10th Cir.1982). Similarly, in Mekdeci v. Merrell National Laboratories, 711 F.2d 1510, 1523 (11th Cir.1983), the Eleventh Circuit held that an order awarding costs is not a final judgment until the court sets a definite amount. We think these cases state a general principle that is applicable to the case at bar. Thus, we conclude that if an award of attorney's fees is not reduced to a sum certain, it is not final.
 
 
 6
 Although the circuits are divided on this question, we choose to align ourselves with those circuits that have held, as we hold here, that an award of attorney's fees is final for purposes of appeal only after the amount is determined. See Becton Dickinson & Co. v. District 65, United Automobile, Aerospace & Agricultural Implement Workers, 799 F.2d 57, 61 (3d Cir.1986); Fort v. Roadway Express, Inc., 746 F.2d 744, 747-48 (11th Cir.1984); Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir.1976). But see Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 826-27 (7th Cir.1984). Our holding, in this case, is consistent with the requirement of finality. 28 U.S.C. Sec. 1291. It is apparent from the order that the district court contemplated further proceedings prior to entering a final order setting the amount of attorney's fees. Thus, the order granting defendants' motion for attorney's fees is not sufficiently definite to be capable of enforcement and therefore cannot be considered a final judgment for purposes of appeal. In addition, our holding avoids piecemeal appeals by eliminating the potential for two appeals: one questioning liability for fees and the second questioning the amount of the fees.
 
 
 7
 In their response to the show cause order, plaintiffs rely extensively on Memphis Sheraton Corp. v. Kirkley, 614 F.2d 131 (6th Cir.1980), for the proposition that an award of attorney's fees which does not fix the amount of such fees is final. We note, however, that more recently in Morgan v. Union Metal Manufacturing, 757 F.2d 792, 795 (6th Cir.1985), the Sixth Circuit indicated that this interpretation of Kirkley is erroneous. The court explained that although an award of attorney's fees is collateral to the judgment on the merits, the determination of the amount of attorney's fees is not collateral to the determination of liability for the fees. The court concluded that delaying the appeal until the amount is determined avoids piecemeal litigation. This explanation is in accord with our holding in this case.
 
 
 8
 Finally, plaintiffs suggest, as an alternative to dismissal, that we hold this appeal in abeyance until the district court sets the amount of the fee award and then consolidate the two appeals as was suggested in Hershinow v. Bonamarte, 735 F.2d 264, 267 (7th Cir.1984). We decline to follow this procedure because jurisdictional issues are not subject to our discretion. See Becton Dickinson & Co., 799 F.2d at 61. But see Bittner, 728 F.2d at 827. We conclude that since the order was neither final nor appealable within the meaning of 28 U.S.C. Sec. 1291 at the time the notices of appeal were filed, this court lacks jurisdiction to entertain these appeals. Cf. A.O. Smith Corp. v. Sims Consolidated, Ltd., 647 F.2d 118, 120-21 (10th Cir.1981) (a jurisdictional defect cannot be cured by means of a subsequent Rule 54(b) certification).
 
 
 9
 Accordingly, we dismiss the appeals for lack of appellate jurisdiction.