**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BENJAMIN J. CHAVEZ and VIOLA F.
CHAVEZ, d/b/a SANTA FE
SOUTHWEST JEWELRY,

    Plaintiffs-Appellants,

v.

BENNETT PROPP, CARMELITA
HOUTMAN, and DEBI McNEIL,

    Defendants-Appellees.

No. 97-2309
(D.C. No. CIV-96-1656-SC)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**WEST**,[**] Senior District Judge.

---

    Benjamin J. Chavez and Viola F. Chavez, doing business as Santa Fe Southwest

Jewelry ("Chavezes"), street vendors in Santa Fe, New Mexico filed a civil rights action

in the United States District Court for the District of New Mexico against Bennett Propp,

Carmelita Houtman and Debi McNeil, also street vendors in Santa Fe, New Mexico.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

    [**]Honorable Lee R. West, Senior District Judge, United States District Court for
the Western District of Oklahoma, sitting by designation.

After filing an answer, the defendants filed a joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The district court granted defendants' motion to dismiss and dismissed the "case in its entirety." Chavezes appeal. We affirm.

Since this dismissal is based primarily on Fed. R. Civ. P. 12(b)(6), Chavezes' complaint must be analyzed in some detail. In their complaint, the Chavezes described themselves as jewelry makers who sell their wares on the Santa Fe Plaza under a license issued by the City of Santa Fe. They described the defendants as craft vendors who also sell their wares on the Santa Fe Plaza, and alleged that the defendants "have acted and conspired to act individually and together under the color of State law." The Chavezes asserted federal jurisdiction pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988 and 2000(a) and "the constitutions and laws of the United States and the State of New Mexico and 28 U.S.C. §§ 1341 and 1343."[1] The Chavezes then alleged that the Santa Fe Plaza is a place of public accommodation in downtown Santa Fe which has historically and traditionally been a place for sale of contemporary arts and crafts. They went on to state that the vending of crafts in the Plaza is divided into two areas, one on the portal in front of the Palace of Governors where only Native Americans are permitted to sell arts and crafts, and a second area across the street from the first one, where Santa Fe allocates and

---

[1]In addition to their federal claims, the Chavezes alleged six supplemental state claims, with which we are not here concerned. The district court dismissed the state claims without prejudice. If the district court was correct in dismissing Chavezes' federal claims, it did not err in declining to exercise supplemental jurisdiction over Chavezes' state claims. 28 U.S.C. § 1367(c)(3).

licenses spaces for the sale of arts and crafts by non-Indians, with the Chavezes and the defendants competing on the non-Indian Plaza vending spaces.

Getting down to specifics, the Chavezes alleged in their complaint that in the spring of 1996, Defendants Houtman and McNeil began using other persons to sell their crafts on the Plaza who were "nephews" and not true members of their immediate family, which practice was prohibited by the Santa Fe Use Ordinance. The Chavezes state that they "vocally opposed" the defendants use of "nephews," but the two defendants continued to use "nephews" in their vending business. The Chavezes further alleged that the defendants employed and paid a mentally disabled homeless man to "threaten, disturb and harm" them and their business. In this latter regard the Chavezes alleged that when they attempted in state court to obtain a restraining order against the homeless man, the defendants contested their request for a restraining order and, based on defendants' testimony, the state court denied their request for a restraining order. The Chavezes went on to allege that the defendants in their efforts to "get back" at the Chavezes secured from a state court three successive *ex parte* temporary restraining orders and an injunction which placed "unreasonable restrictions" on them. In connection with the issuance of the temporary restraining orders, the Chavezes alleged that the defendants had numerous *ex parte* communications with the state judge who issued the orders. In the last of their so-called "general allegations" the Chavezes alleged that the defendants were "motivated by

a strong dose of racial and cultural animosity" against them and that they "violated" the Chavezes' constitutionally protected civil rights.

Based on the general allegations in their complaint, the Chavezes asserted ten causes of action. The first four were federal claims and the remaining six were supplemental state claims. In Count 1 the Chavezes alleged that the defendants had violated their right to free speech and association by not giving them an opportunity to be heard before the restraining orders were issued. In Count 2 the charges alleged that the defendants violated their right to due process of law by obtaining multiple restraining orders and an injunction without allowing them an opportunity to be heard. In Count 3 the Chavezes alleged that the defendants violated their right to equal protection of the law in their efforts to move them to the "west side" of the Plaza where other Hispanic vendors were located. Count 4 of the complaint was based on alleged "discrimination in a place of public accommodation," the Chavezes alleging that defendants had discriminated against them in the "peaceful enjoyment of their sales activities on the Santa Fe Plaza by acts and conduct motivated by racial hostility and hatred." All remaining counts were supplemental state claims. After filing an answer, the defendants filed a joint motion to dismiss under Fed. R. Civ. P. 12(b)(l) (lack of jurisdiction) and 12(b)(6) (failure to state a claim). As stated, the district court granted defendants' motion to dismiss and dismissed the Chavezes' federal claims, Counts 1 through 4, and then dismissed without prejudice Chavezes' supplemental claims, Counts 5 through 10.

We believe the present controversy is controlled by *Crabtree v. Muchmore,* 904 F.2d 1475 (10th Cir. 1990). The district court's memorandum order in *Crabtree* is attached to our opinion, on appeal, as an appendix. The complaint in *Crabtree* was against three attorneys, and a state district court judge, alleging a civil rights action under 42 U.S.C. § 1983 wherein the defendants in that case conspired in the "seizure of certain property" belonging to the plaintiffs. In holding that the plaintiffs' complaint did not allege sufficient facts to state a claim under § 1983, the district court carefully analyzed the complaint and the legal authorities applicable thereto in great detail. In that case, like the instant case, there were allegations of *ex parte* communications with a state judge, overreaching and the like.

On appeal in *Crabtree*, in affirming the district court's dismissal of the claims against the three attorneys, we spoke as follows:

> In No. 89-6073, we affirm the district court's dismissal of the complaint under Fed. R. Civ. P. 12(b)(6) for substantially the reasons stated in the district court's order of January 30, 1989, which we attach hereto. We hold that the district court correctly construed the complaint as stating insufficient facts tending to show that the attorneys had an understanding or agreed plan with Judge Cook sufficient to state a cause of action for conspiracy. We also hold that the district court properly analyzed the requirements under *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed.2d 482 (1982), for alleging a cause of action under a "joint participation" theory.

*Crabtree* at 1476.

In this court, Chavezes' basic position, as set forth in their brief, is that the district court erred in dismissing their federal claims, and that their complaint contained sufficient facts to support a § 1983 claim. In other words, the allegations in their complaint are sufficient to show that the defendants acted under color of state law and that in so doing they jointly participated with a state actor, the state district court judge.[2] We disagree. In our view, *Crabtree* controls the instant appeal, and we are in accord with the reasoning of the district court in the instant case and the result it reached, namely, dismissal of the Chavezes' federal claims and a dismissal without prejudice of its supplemental state claims.

After the district court's entry of its order of dismissal, the defendants filed in the district court a motion for attorney's fees. The district court granted that motion but did not at that time fix the amount thereof. In the instant appeal the Chavezes challenge that particular order. Since the amount of the attorney's fees was not fixed by the district court at that time, the Chavezes cannot in the present proceeding challenge the district court's granting of defendants' motion for attorney's fees. *See Phelps v. Washburn University of Topeka,* 807 F.2d 153, 154 (10th Cir. 1986). We are advised that

---

[2]At oral argument, counsel raised certain matter that was not raised in Chavezes' brief. We generally do not consider issues raised for the first time in oral argument which were not raised in the briefs. *Thomas v. Denny's, Inc.,* 111 F.3d 1506, 1510 n. 5 (10th Cir. 1997), *citing Durham v. Xerox Corp.,* 18 F.3d 836, 841 n.4 (10th Cir. 1994). Other matter, though mentioned in the Chavezes' brief, was not "adequately briefed," and is therefor deemed waived. *See Gross v. Burggraf Const. Co.,* 53 F.3d 1531, 1547 (10th Cir. 1995).

subsequently the district court did fix the amount of attorney's fees, and the Chavezes have filed a notice of appeal from that order, which appeal is now pending in this court. No. 98-2144, *Chavez v. Propp, et al.*[3]

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge

[3]We are further advised that the district court still later imposed sanctions against the Chavezes' attorney. An appeal was taken from that order and is also pending in this court. No. 99-2218, *Livingston, et al, v. Propp, et al.* That appeal was consolidated with No. 98-2144, *Chavez v. Propp, et al*, and the consolidated case is now in the briefing stage.