**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**MAY 26 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

BENJAMIN J. CHAVEZ, and VIOLA
F. CHAVEZ, doing business as Santa
Fe Southwest Jewelry,

      Plaintiffs-Appellants,

v.

BENNETT PROPP, CARMELITA
HOUTMAN, and DEBI MCNEIL,

      Defendants-Appellees.

No. 98-2144

(D.C. No. CIV-96-1656-SC)

(D.N.M.)

BENJAMIN J. CHAVEZ, doing
business as Santa Fe Southwest
Jewelry; VIOLA F. CHAVEZ, doing
business as Santa Fe Southwest
Jewelry,

      Plaintiffs,

v.

BENNETT PROPP; CARMELITA
HOUTMAN; DEBI MCNEIL,

      Defendants-Appellees,

PAUL LIVINGSTON,

      Attorney-Appellant.

No. 99-2218

(D.C. No. CIV-96-1656)

(D.N.M.)

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

---

Plaintiffs Benjamin J. and Viola F. Chavez and their attorney, Paul Livingston, challenge the district court's award of attorney's fees and sanctions to Defendants Bennett Propp, Carmelita Houtman, and Debi McNeil. Defendants filed a motion to dismiss appeal no. 98-2144 for lack of jurisdiction, and we grant that motion to dismiss. In appeal no. 99-2218, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

The underlying facts of this case are set forth in Chavez v. Propp, No. 97-2309, 1999 WL 1015540, at *1-*2 (10th Cir. Nov. 9, 1999) (unpublished disposition). After several battles in New Mexico state court regarding rights to sell crafts on the Santa Fe Plaza, Plaintiffs filed a complaint in federal district court alleging that Defendants conspired with state court judges to deprive

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, the panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs of their civil rights. In August 1997, the district court dismissed Plaintiffs' complaint, noting that it contained insufficient allegations of state action. The district court dismissed the 42 U.S.C. §§ 1981, 1983, 1985, and 1986 claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Also, the district court dismissed the 42 U.S.C. § 2000a claim for discrimination in a public accommodation for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Plaintiffs failed to exhaust their administrative remedies.

Defendants subsequently filed a motion for attorney's fees under 42 U.S.C. § 1988(b). In appeal no. 97-2309, we affirmed the district court's dismissal of the complaint but declined to reach the attorney's fee issue. Chavez, 1999 WL 1015540, at *3. While appeal no. 97-2309 was pending, the district court found Plaintiffs' complaint "frivolous, unreasonable, and without foundation" and found Defendants, as prevailing parties, entitled to attorney's fees.[1] On May 7, 1998, the district court ordered the payment of attorney's fees in the amount of

---

[1] Plaintiffs argue that the district court lacked jurisdiction to award attorney's fees or sanctions during the pendency of an appeal on the merits of the dismissal because the merits are intertwined with the attorney's fee issue. We disagree: "The law is well settled the district judge retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending." City of Chanute, Kansas v. Williams Natural Gas Co., 955 F.2d 641, 658 (10th Cir. 1992), overruled on other grounds, Systemcare Inc. v. Wang Lab. Corp., 117 F.3d 1137 (10th Cir. 1997).

$5871.50 to Defendants, but stayed that order sua sponte pending a magistrate judge's evaluation of sanctions pursuant to Fed. R. Civ. P. 11.  Plaintiffs attempted to appeal the May 7 order by filing a notice of appeal on May 26, 1998.

In November 1998, a magistrate judge recommended imposing sanctions of $2000 on attorney Livingston.  After reviewing the objections to the magistrate judge's proposed findings and recommended disposition, on June 16, 1999, the district court ordered attorney Livingston to pay sanctions of $5000 into the registry of the court and lifted the stay on the order to pay attorney's fees to Defendants in the amount of $5871.50.  Livingston filed a notice of appeal of the June 16 order on July 7, 1999.

## II.

In appeal no. 98-2144, Plaintiffs attempt to appeal the district court's May 7 order, which set an amount of attorney's fees but stayed that order pending a determination of Rule 11 sanctions.  Defendants filed a motion to dismiss appeal no. 98-2144 for lack of jurisdiction.  We have jurisdiction to review "final decisions of the district courts."  28 U.S.C. § 1291.  Generally, an order awarding attorney's fees is not final until the amount is determined.      Phelps v. Washburn Univ. of Topeka , 807 F.2d 153, 154 (10th Cir. 1986).

Although the district court's May 7 order specified the amount of attorney's fees, it also stayed that order pending an evaluation of Rule 11 sanctions.      Cf.

-4-

Phelps, 807 F.2d at 154-55 ("It is apparent from the order that the district court contemplated further proceedings prior to entering a final order setting the amount of attorney's fees."). The order did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." Quackenbush v. Allstate Ins. Co. 517 U.S. 706, 712 (1996). We lack jurisdiction because the order is not a final decision of the district court. Accordingly, appeal no. 98-2144 is dismissed. [2]

### III.

In appeal no. 99-2218, Plaintiffs and their attorney, Livingston, appeal the district court's grant of attorney's fees and imposition of sanctions. [3] We review an attorney's fee award under § 1988 for abuse of discretion. Robinson v. City of Edmond, 160 F.3d 1275, 1280 (10th Cir. 1998). We review all aspects of an

---

[2] In their motion to dismiss the appeal, Defendants also request costs and attorney's fees under Fed. R. App. P. 38 and 28 U.S.C. § 1927, arguing that Plaintiffs filed a frivolous appeal. See Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc). We deny their motion because this court has not previously analyzed the particular circumstances presented by this appeal. See Kamplain v. Curry County Bd. of Comm'rs, 159 F.3d 1248, 1253 (10th Cir. 1998).

[3] Plaintiffs' names do not appear in the body of the notice of appeal in no. 99-2218. We include Plaintiffs as appellants, however, because we believe their intention to appeal is clear from the inclusion of their names in the caption of the notice of appeal and the docketing statement. See Fed. R. App. P. 3(c)(1)(A) ("The notice of appeal must specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . ."); id. at 3(c)(4) ("An appeal must not be dismissed . . . for failure to name a party whose intent to appeal is otherwise clear from the notice.").

award of sanctions under Rule 11 for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); In re Cascade Energy & Metals Corp., 87 F.3d 1146, 1149 (10th Cir. 1996).

In civil rights actions, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of its costs." 42 U.S.C. § 1988(b); Robinson, 160 F.3d at 1280. In cases in which the defendant is the prevailing party, the plaintiff should not be obligated to pay fees "unless a court finds that his claim was frivolous, unreasonable, or groundless." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). The district court evaluated the merits of claims, and did not clearly err in finding that the complaint was frivolous. See Crabtree v. Muchmore, 904 F.2d 1475, 1478 (10th Cir. 1990) (advising district courts to look to the merits of a complaint dismissed under Rule 12(b)(6) to determine frivolousness). Indeed, we affirmed the district court's dismissal of the complaint in Chavez, 1999 WL 1015540. The record shows that Plaintiffs brought suit in federal court after repeated failed attempts to get relief in state court. The district court did not abuse its discretion in awarding reasonable attorney's fees to Defendants.

Rule 11 provides that, by signing a complaint, an attorney certifies that "it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and "the claims,

defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal or existing law or the establishment of new law." Fed. R. Civ. P. 11(b). After a hearing, the magistrate judge recommended finding that the complaint was filed for the improper purpose of causing needless expense to Defendants and recommended imposing sanctions of $2000. Livingston objected to the proposed findings and recommended disposition.

The district court acted within its discretion in imposing sanctions against Livingston. After conducting a de novo review of the record, the district court made detailed findings regarding the complaint's objectively apparent impropriety and frivolousness. See White v. General Motors Corp., 908 F.2d 675, 680 (10th Cir. 1990) ("This circuit has adopted the view that an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions."). As a result of its examination, the district court concluded that a $2000 sanction was insufficient to deter Livingston's conduct and increased the amount to $5000. See id. at 684 ("The appropriate sanction should be the least severe sanction adequate to deter and punish the plaintiff.").

We DISMISS cause no. 98-2144 for lack of jurisdiction and AFFIRM cause no. 99-2218 awarding attorney's fees and sanctions.

Entered for the Court,

-7-

Bobby R. Baldock
Circuit Judge